| | |
|---|---|
| UNITED STATES OF AMERICA<br>DISTRICT COURT | DISTRICT OF<br>RHODE ISLAND |
| LOUIS L. VINAGRO III | CA 05 345 T |
| v. | Case No. |
| UNITED STATES OF AMERICA<br>INTERNAL REVENUE SERVICE<br>ROBERT BARONE, a/k/a R. ROBERT BARONE<br>MARIE A. BARONE | |

## COMPLAINT

**JURISDICTION:** Equity

Now comes LOUIS L. VINAGRO III, Plaintiff in the above captioned cause of action and makes this his complaint as follows:

1. On or about January 30, 1997, Louis L. Vinagro III ("Plaintiff") of 203 Shun Pike, Johnston, RI 02919 purchased certain land with all buildings and improvements thereon from Defendants Robert Barone and Marie A. Barone (jointly and severally "Barone").

2. Said improved land is located at 700 Greenville Avenue, Johnston, RI 02919 and is also known at present as Assessor's Plat 55, Lots 24, 64, and 75. (Schedule A)

3. Prior to closing, a search was done by Vinagro's attorney, Upton A. Savoie, Jr. PC ("Savoie"), on title to the parcels, and said search revealed, inter alia, three Federal Tax Liens filed by Defendant United States Internal Revenue Service ("IRS") against Barone with the Land Evidence records of the Town of Johnston, Rhode Island:

    a) IRS Lien # 59403706 against R. Robert Barone and Marie A. Barone in the face amount of $41,926.63, recorded in Book 510 at page 192.
    b) IRS Lien # 59603576 against R. Robert Barone and Marie A. Barone in the face amount of $20,515.50, recorded in Book 604 at page 30.

      c) IRS Lien # 59601736 against Robert Barone MD in the face amount of $15,132.00, recorded in Book 580 at page 215.

4. Defendant IRS was contacted and requested to provide a payment figure in order to secure discharges of said liens in order to permit sale of the property.

5. Defendant IRS sent a letter of conditional commitment and cover letter (Schedules B and C) to Savoie, naming a figure of fifty thousand ($50,000) dollars, together with other conditions which, when complied with, would suffice to secure discharges of the above liens on the property.

6. The said figure was paid (Schedule D) and conditions complied with; subsequently, discharges were issued by Defendant IRS (Schedules E, F, and G) but not immediately recorded.

7. On October 31, 2002, Plaintiff sold the said premises to Charda Properties, LLC ("Charda"). Plaintiff was represented in this transaction by Attorney Emile Martineau ("Martineau"). Due to the fact that the discharges had not as yet been recorded, Defendant IRS was contacted by the title examiner for Charda, David Tapalian ("Tapalian"). Tapalian was told by Defendant IRS that there was a balance of $21,190.04 due and owing. No mention was made of the prior settlement and issuance of discharges. Plaintiff had been under the impression that Barone's IRS debt secured by the above described liens had been settled at the January 30, 1997 closing, but he agreed to an escrow of sufficient payment from his proceeds of the current closing, if necessary, in order to effect sale. The amount was held in escrow by Tapalian but subsequently paid to Defendant IRS.

8. Subsequent to the sale to Charda, it was learned that the payment for release of liens had been paid at prior closing in accordance to the IRS commitment letter, and the discharges were duly recorded.

9. Defendant IRS was contacted by Martineau to effect return of Vinagro's $21,190.04, which had been paid in error.

10. On or about April 2, 2004, Attorney Frank Lewis ("Lewis") of the IRS spoke with Martineau. Lewis stated that the procedure and administration sections of the Internal

Revenue Code have no mechanism nor give Defendant IRS the authority to issue a refund to Plaintiff voluntarily. Lewis then indicated that refund claims must be made by "the taxpayer" and not by a "third party." Lewis further stated that retrieving said funds would require filing of suit; and he conjectured that Plaintiff would be categorized as a "constructive taxpayer." On or about March 15, 2005, Savoie also spoke with Lewis, who restated that Defendant IRS would be unable to refund said payment to Plaintiff, giving the same reasons he had previously adduced to Martineau.

11. Defendant IRS has admitted error but has declined to return Vinagro's money, claiming no statutory authority to do so. Efforts by Plaintiff's attorneys and agents have thus far failed to secure return of the money. Defendant IRS's agent has declared that it will return the money only when it has an order or other impetus to do so.

12. Plaintiff has been and is presently denied the use of his money thus wrongfully demanded and received by Defendant; and Defendant IRS persists in refusing to return same, citing lack of specific statutory authority for so doing.

13. Defendant IRS's claim of lack of statutory authority to return Plaintiff's money works an unconscionable wrong upon Plaintiff; unjustly enriches Barone; and justice and equity require that Plaintiff be refunded his money and otherwise compensated.

14. That there appears to be no legal remedy to secure return of the money unjustly and erroneously demanded and paid, but that justice and equity require repayment.

**WHEREFORE**, Plaintiff prays this Honorable Court for relief as follows:

   a) That the Court award Judgment in his favor against Defendants;
   b) That Plaintiff be awarded the status of "constructive taxpayer";
   c) That the Court find that justice and equity demand return of the funds paid;
   d) That Defendant IRS be ordered to return Plaintiff's money in the amount cited above, plus interest, costs, and attorney's fees;

e)   That Plaintiff be granted such further relief as this Honorable Court shall deem meet.

LOUIS G. VINAGRO III
Plaintiff

By his attorney

*[signature]*

8/9/05

UPTON A. SAVOIE, Jr. PC
Attorney-at-law
118 Gano Street
Providence, RI   02906
(401) 272-1713
(401) 421-0875 FAX
RI Bar # 0181

## **AFFIDAVIT**

Subscribed and affirmed by Upton A. Savoie, Jr. as to the truth of the facts stated in the Complaint; and of those facts of which he has no personal knowledge, he believes them to be true.

*[signature]*
UPTON A. SAVOIE, Jr.

Subscribed and affirmed before me in Providence, Rhode Island this 9th day of August, 2005.

NOTARY PUBLIC  *[signature: Joseph P. Lesther]*

Com. Exp. 10/21/06

SCHEDULE A

PARCEL I

That certain tract or parcel of land with all buildings and improvements thereon, situated in the Town of Johnston, County of Providence, and State of Rhode Island and bounded and described as follows:

Beginning at a point in the southwesterly line of Greenville Avenue at the easterly corner of land now or formerly of Florence and Nicholas Connavo; thence S 55o 45' E bounding northeasterly on said Greenville Avenue three hundred sixteen (316) feet to a point; thence S 50o E bounding northeasterly on said Greenville Avenue two hundred twenty-four (224) feet, more or less, to land now or formerly of Ferdinand Winsor; thence S 45o 15' W bounding southeasterly on said Winsor land two hundred (200) feet to a stone bound; thence S 24o 30' E bounding easterly on said Winsor land one hundred ten (110) feet to a stone bound; thence S 46o E bounding northeasterly on said Winsor land two hundred sixty (260) feet to land now or formerly of Frederick W. Belknap; thence S 15.5o W bounding southeasterly on said Belknap land thirty-five (35) feet more or less to a point; thence S 66o 15' E bounding northeasterly on said Belknap land six hundred eighty-eight (688) feet to a point; thence S 1o 30' W six hundred (600) feet to land now or formerly of William H. Mathewson Est.; thence N 70o 45' W bounding southerly on said Mathewson land two hundred thirty-one (231) feet to a point; thence S 85o 30' W bounding southeasterly on said Mathewson land three hundred fifty-nine and 5/10 (359.5) feet to a point; thence N 83o 45' W bounding southeasterly on land now or formerly of Brown University seven hundred eight (708) feet to a point at an angle in a wall; thence N 14o 30' W bounding southwesterly in part on land now of formerly of Emma E. Thurber and in part on land now or formerly of Thomas E. Burke et ux. eleven hundred ninety-one and 5/10 (1191.5) feet to a point at a corner of a wall; thence N. 51o 30' E bounding northwesterly in part on land of said Burke and in part on land now or formerly of said Connavo five hundred fifty-six and 5/10 (556.5) feet to the point or place of beginning. EXCEPTING THEREFROM that portion of land taken by the State of Rhode Island in the widening and relocating of Greenville Avenue. ALSO EXCEPTING THEREFROM the following described parcel:

That parcel of land with all buildings and improvements thereon, situated on the southwesterly side of Greenville Avenue in the Town of Johnston, County of Providence, and State of Rhode Island, and bounded and described as follows:

Beginning at a granite bound set in the southwesterly line of Greenville Avenue at a corner of said parcel and at the northerly corner of land now or formerly of Frank Cunha et al.; thence southwesterly bounding southeasterly on the last-named land one hundred ninety-two (192) feet to a granite bound; thence southerly bounding easterly on said Cunha land one hundred ten (110) feet to a granite bound; thence southeasterly bounding northeasterly on the land-named land two hundred sixty (260) feet to a granite bound and land now or formerly of the heirs or devisees of Frederick W. Belknap; thence southerly bounding easterly on the land-named land

thirty-five (35) feet to a granite bound; thence N 70o W one hundred (100) feet to a granite bound; thence S 89o W seventy-five (75) feet to a granite bound; thence N 73o W seventy-nine (79) feet to a granite bound; thence S 82o W one hundred eighty (180) feet to a granite bound; thence N 89o W eighty-seven (87) feet to a granite bound; thence N ia W seventy-five (75) feet to a granite bound; thence N 18o W two hundred thirty-three (233) feet to a granite bound; the last seven (7) courses bounding on land now or formerly of Albert J. Owen et ux.; thence turning and running N 45o E bounding northwesterly on said Owen land four hundred twenty-four (424) feet to a granite bound set in the southwesterly line of Greenville Avenue; thence southeasterly bounding northeasterly on Greenville Avenue two hundred eighty (280) feet to the first-mentioned granite bound and the point or place of beginning. ALSO EXCEPTING THEREFROM that parcel of land taken by the State of Rhode Island for highway purposes. ALSO EXCEPTING THEREFROM that certain lot or parcel of land with all buildings and improvements thereon, situated on the southwesterly side of Greenville Avenue in the Town of Johnston, County of Providence, and State of Rhode Island, and bounded and described as follows:

Beginning at a point, said point being located opposite centerline station 251 + 51.93 on Rhode Island Highway Plat Greenville Avenue and said point also being the Southeasterly corner of land now or formerly of Anthony Boscia and said point also being the most Northerly corner of the herein described parcel; thence turning and running Southwesterly along a stone wall a distance of two hundred fourteen and no/100 (214.0) feet, more or less, to a corner; thence turning an interior angle of 73o 13' 50" and running Southeasterly a distance of two hundred thirty-one and 30/100 (231.30) feet, more or less, to a corner; thence turning an interior angle of 100o 16' 10" and running Northeasterly a distance of two hundred ten and no/100 (210.0) feet, more or less, to a point in the Southwesterly line of Greenville Avenue; thence turning an interior angle of 79o 14' 00" and running Northwesterly along the Southwesterly line of Greenville Avenue passing through a Rhode Island highway located opposite centerline station 249 + 741.93 a total distance of two hundred seven and no/100 (207.0) feet, more or less, to the point and place of beginning, the last course making an interior angle of 107o 15' 00" with the first mentioned course. Said parcel contains approximately 1.03 acres of land. Reference is made to the description of property conveyed to Anthony J. Barone et ux. in Book 203 at page 1044. Said parcel is also known at present as Assessor's Plat 55, Lot 106 in the said Town of Johnston.

Subject to burial grounds and a right-of-way to and from the same according to instrument recorded in Book 41 at page 190 of the Land Evidence Records of the said Town of Johnston.

THE WHOLE being a portion of the premises conveyed to Robert Barone et ux. by deed of Muriel O. Kelley dated May 26, 1977 and recorded in said Town of Johnston in Book 139 at page 375.

HOWEVER BOUNDED AND DESCRIBED, meaning and intending to describe Assessor's Plat 55, lots 24 and 64 as at present on file

BK 617 PG 291

in the said Town of Johnston.

PARCEL II
    That certain tract or parcel of land with all buildings and improvements thereon, situated on the southwesterly side of Greenville Avenue in the Town of Johnston, County of Providence, and State of Rhode Island, and bounded and described as follows:
    Beginning at a point in the southwesterly line of Greenville Avenue as established by R.I. Highway Plat #396, the said point being the easterly corner of land now or formerly of Jennie Merolla; thence turning an interior angle of 90o against the said highway line and running southwesterly with the said Merolla land two hundred nineteen and 35/100 (219.35) feet to a pipe driven into the ground in the northeasterly line of land now or formerly of Sarah J. Owens; thence turning an interior angle of 83o 09′ 45" and running southeasterly with the said Owen land and with land now or formerly of Louis D'Andrea et ux. two hundred one and 43/100 (201.43) feet to a pipe driven into the ground; thence turning an interior angle of 96o 50′ 15" and running northeasterly with the said D'Andrea land one hundred ninety-five and 37/100 (195.37) feet to a pipe driven into the ground in the said highway line; thence turning an interior angle of 90o and running northwesterly in the said highway line two hundred (200) feet to the point or place of beginning.  EXCEPTING THEREFROM that portion of land conveyed to the State of Rhode Island used in the layout of Interstate 295 and that used in the widening and relocation of said Greenville Avenue.

    Being the same premises conveyed to Robert Barone et ux. by deed of Louis D'Andrea et ux. dated March 16, 1979 and recorded in said Johnston in Book 147 at page 881.

    HOWEVER BOUNDED AND DESCRIBED, meaning and intending to describe Assessor's Plat 55, lot 75 as at present on file in the said Town of Johnston.

Address of premises:
700 Greenville Ave.
Johnston, RI

1



plat

CHARLOTTE LANNI
TOWN OF JOHNSTON
TOWN CLERK

97 JAN 31 PM 12: 30

 **Department of the Treasury
Internal Revenue Service**

380 Westminster Street
Providence, RI 02903

Date: 4/17/97

Re: ~~Your inquiry dated~~
Discharge application
Dr. Barone

Taxpayer identification number:
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

Tax period:
1040 - 1992, 3, 5

Dear Mr. Savoie,

Enclosed please find the conditional commitment letter needed for your closing next week. Please make payment certified, provide a copy of the closing doc., and provide a copy of the recorded deed, showing Dr. Barone no longer owns the property in order to get the discharge issued.

I hope things are going well, please call if you have any questions.

Sincerely,

Signature: Shawn Shene

Employee number: (401) 528-4491

Title: Revenue Officer

Form 5260 (Rev. 6-89)

Schedule B

INTERNAL REVENUE SERVICE                                  Department of Treasury

DISTRICT DIRECTOR                              PO Box 6867
                                               Providence, RI 02940

                                               January 17, 1997

Upton A. Savoie, Jr.
118 North Main Street
Providence, RI 02903


            CONDITIONAL COMMITMENT TO DISCHARGE CERTAIN
                    PROPERTY FROM TAX LIEN

                              RE: R Robert & Marie A Barone

Dear Mr. Savoie:

Your application for a certificate of discharge under the provisions of section 6325(b)(2)(A) of the Internal Revenue Code has been investigated. Based on the information furnished, I have determined that the interest of the United States under the Federal tax liens outstanding against the taxpayer named above in the following described property is at present approximately Fifty Thousand and no/100 dollars ($50,000.00), which amount represents the net proceeds from the sale of:

> That certain lot or parcel of land located at Greenville Avenue, Johnston, Rhode Island and further described as Assessor's Plat 55 Lots 24, 75 and 64.

Unless later circumstances disclose interest of the United States in the property to be greater than the amount shown above, I will, on payment of such amount and on a proper showing that the taxpayer has been divested of right, title, and interest to the property exclusive of any right of redemption, issue a certificate discharging the property from the Federal tax lien(s) outstanding against the taxpayer named above. The discharge is also conditioned upon the taxpayer's agreement that the payment will be applied in the best interest of the government. Make remittances by certified, cashier's, or treasurer's check. If payment is by uncertified personal check, issuance of the certificate of discharge will be delayed until the check is cleared.

You are allowed to advertise that you have obtained a conditional commitment to discharge the property described above from the Federal tax lien.

                              Sincerely yours,

                              Richard L. McCleary, District Director


                    By: _____
                              John P. Keach, Advisor
                              Special Procedures Function


                                                Schedule C



schedule D



**INTERNAL REVENUE SERVICE**            Department of Treasury

                                        PO Box 6867
DISTRICT DIRECTOR                       Providence, RI 02940

                                        February 10, 1997

Upton A. Savoie, Jr.
118 North Main Street
Providence, RI 02903

      RE:  Barone/Discharge

Dear Mr. Savoie:

    The attached Certificate of Discharge of Property from Federal Tax Lien is an original document intended for recording.

    If you have any questions, please call me at (401) 528-4274.

                                                 Sincerely,

                                                 John P. Keach, Advisor
                                                 Special Procedures

*schedule E*

Form 668 (Z) 250
(Rev. 5-94)

Department of the Treasury - Internal Revenue Service

## Certificate of Release of Federal Tax Lien

| District | Serial Number | For Use by Recording Office |
|---|---|---|
| Providence | 59403706 | |

I certify that as to the following-name taxpayer, the requirements of section 6325 (a) of the Internal Revenue Code have been satisfied for the taxes listed below and for all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on ___September 21___ 19 _94_, is in authorized to note the books to show the release of this lien for these taxes and additions

**Name of Taxpayer**  R ROBERT & MARIE A BARONE

**Residence**  700 GREENVILLE AVE
JOHNSTON,  RI  02919-1303

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| 510 | 192 | n/a | n/a |

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/92 | [redacted] | 09/20/93 | 10/20/03 | 20382.16 |
| 1040 | 12/31/93 | [redacted] | 05/30/94 | 06/29/04 | 21544.47 |
| ********** | ********** | | ********** | ********** | ********** |

**Place of Filing**
TOWN CLERK
JOHNSTON TOWN HALL
JOHNSTON, RI  02919

**Total**  $  41926.63

This notice was prepared and signed at ___Providence, RI___, on this,

the _03rd_ day of _February_, 19 _97_.

**Signature**  [signature]    **Title**  Chief, SPF

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

PART 2 - TAXPAYER COPY   Schedule F

Form 668 (Z) (Rev. 5-94)
CAT. NO 60026I

```
-------------------------------------------------------------------------------
                    Department of the Treasury - Internal Revenue Service
Form
                    CERTIFICATE OF DISCHARGE OF PROPERTY FROM FEDERAL TAX LIEN
669B
                    Section 6325(b)(2)(A) of the Internal Revenue Code
-------------------------------------------------------------------------------
```

   WHEREAS, BARONE, R ROBERT & MARIE A, of 700 GREENVILLE AVE, City of JOHNSTON, County of PROVIDENCE, State of RHODE ISLAND, is indebted to the United States for unpaid internal revenue tax in the sum of THIRTY FIVE THOUSAND SIX HUNDRED FORTY SEVEN AND 50/100 Dollars ($35,647.50) as evidenced by:

```
       ---------------------------------------------------------------------
        Notice of       |                  |          |  Taxpayer      |
       Federal Tax Lien |    Recording     |   Date   | Identification | Amount Shown
       Serial Number    |   Information    | Recorded |    Number      |   on Lien
            (a)         |       (b)        |   (c)    |     (d)        |    (e)
       -----------------|------------------|----------|----------------|---------------
          59601736      |BOOK 580 PAGE 215 | 04/29/96 |                |    $15,132.00
          59603576      |BOOK 604 PAGE 030 | 10/15/95 |                |    $20,515.50
       ---------------------------------------------------------------------
```

   WHEREAS, to secure the collection of said tax, notice of the lien of the United States, attaching to all the property and rights to property of the said taxpayer on account of said tax indebtedness, was filed with the TOWN CLERK ~~~~~~~~~~~~ of JOHNSTON, RHODE ISLAND, in accordance with the applicable provisions of law.

   WHEREAS, the lien of the United States, listed above for said tax has attached to certain property described as:

   That certain lot or parcel of land together with all the buildings and
   improvements thereon located at Greenville Avenue, Johnston, Rhode
   Island and further described as Assessor's Plat 55 Lots 24, 75 and 64.



   WHEREAS, the District Director of Internal Revenue has determined that the interest of the United States in the foregoing property, under and by virtue of its aforesaid tax lien, amounts to the sum of FIFTY THOUSAND AND NO/100 Dollars ($50,000.00) and has authorized the issuance, under the provisions of section 6325(b)(2)(A) of the Internal Revenue Code, of a certificate discharging the above-described property from the tax lien of the United States upon the payment of the sum of FIFTY THOUSAND AND NO/100 Dollars ($50,000.00) to be applied in part satisfaction of the liability in respect of the tax hereinbefore stated which sum has been paid to be so applied, and the receipt of which sum by me is hereby acknowledged;

   Now therefore, this instrument witnesseth, that I, R.L. MCCLEARY, District Director of Internal Revenue at CONNECTICUT-RHODE ISLAND DISTRICT in HARTFORD, CONNECTICUT, through my delegate, ROBERT J. NADEAU (hereinafter referred to as the District Director), charged by law with the duty of collecting and enforcing the collection of internal revenue taxes due the United States, and charged with the assessment hereinbefore stated, do, pursuant to the provisions of section 6325(b)(2)(A) of the Internal Revenue Code, discharge the property

*Schedule G*

heretofore described from the aforesaid tax lien, saving and reserving, however, the force and effect of said tax lien against and upon all other property or rights to property to which said lien is attached, wheresoever situated.

    Witness my hand at CONNECTICUT-RHODE ISLAND DISTRICT in HARTFORD, CONNECTICUT, on this, the 4th day of FEBRUARY, 1997.

| Signature | R.L. MCCLEARY |
|---|---|
| *(signed)* R.J. McCleary | District Director of Internal Revenue |
| | Connecticut-rhode Island District |

NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2 C.B. 409

# SCHEDULE H

## Addresses

LOUIS L. VINAGRO III (Plaintiff)
203 Shun Pike
Johnston, RI   02919

ROBERT BARONE
MARIE A. BARONE
280 Kingstown Road
Narragansett, RI   02882

UNITED STATES ATTORNEY
50 Kennedy Plaza
Providence, RI   02903

UNITED STATES ATTORNEY GENERAL
Main Justice Building—Room 5111
950 Pennsylvania Avenue
Washington, DC   20530

UNITED STATES INTERNAL REVENUE SERVICE
Washington, DC   20530